IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAINE IRWIN RWIN RHODEN, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-16-2305 |
| MARY SABOL, ET AL., | : (Judge Conaboy) |
| Respondents | : |

## MEMORANDUM
### Background

Alaine Irwin Rhoden, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the York County Prison, York, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered.

Petitioner states that he is a native and citizen of Jamaica who entered the United States on or about March 16, 1996 as a lawful permanent resident. On August 21, 2014, Petitioner plead guilty to drug related charges in the Commonwealth of Pennsylvania.

Rhoden was taken into ICE custody on March 4, 2015. Removal proceedings were initiated against him on the basis of his Pennsylvania state conviction and an immigration judge ordered his removal on April 9, 2015. An appeal of that

1

decision with the Board of Immigration Appeals (BIA) resulted in his case being remanded to the immigration judge for further proceedings. An appeal of a subsequent decision by the immigration judge is presently pending before the BIA. Petitioner indicates that he has been detained by ICE for a period of over a year.

The pending § 2241 petition challenges Petitioner's continued indefinite detention. As relief, Rhoden seeks a constitutionally adequate bond hearing or his release under supervision. Respondent concedes that "[t]he Court should order that a bond hearing be held before an immigration judge." Doc. 9, p. 1. For the reasons set forth below, the Court will grant the petition and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

**Discussion**

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment and Demore v. Kim, 538 U.S. 510, 531 (2003).

Section 1226(c) clearly requires that, prior to a final removal order, an alien may be detained without being afforded a bond hearing. However, this "mandatory detention" provision is not without limits. In Demore, the United States Supreme Court

concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." Id. at 531. The United States Court of Appeals for the Third Circuit has interpreted Demore and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011). Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233.

A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Id.; see also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Diop, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third

3

Circuit Court of Appeals noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in Diop as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic

may preclude a finding of unreasonable detention.[1] <u>Chavez-Alvarez</u>, 783 F.3d at 476.

In <u>Chavez-Alvarez</u>, the Third Circuit Court of Appeals found that "beginning sometime after the six-month time frame considered by <u>Demore</u>, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." <u>Id</u>. at 478.

Respondent acknowledges that based upon <u>Chavez-Alvarez</u>, Rhoden is entitled to an individualized bond hearing since he has been detained for approximately twenty (20) months. This Court agrees and also recognizes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. <u>See</u>, e.g., <u>Gourzong v. Lowe</u>, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.). Based upon the Respondent's concurrence and since the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under <u>Chavez-Alvarez</u>, the Court orders that an

---

[1] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. <u>Id</u>.

immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date of this Memorandum.

## Conclusion

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the unopposed petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing within thirty (30) days of this decision. An appropriate Order shall follow.

RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 4th, 2017